UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA JARAMILLO, KIM CHAVEZ, and
ANN CHAVEZ

      Plaintiffs,

  v.                                         No. 09-634 JCH/WDS

ROGER BUSTAMANTE, ARLENE HICKSON,
ROBERT ULIBARRI, LINDA HERNANDEZ,
LADONNA CECIL, TRACY JONES,
in their individual capacities,
CORRECTIONAL MEDICAL SERVICES, and
CORRECTIONS CORPORATION OF AMERICA,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Corrections Corporation of America's ("CCA's"), Robert Ulibarri's, Arlene Hickson's, and Linda Hernandez' (collectively, the "CCA Defendants'") *Motion to Strike Expert Opinions* (Doc. 174). The CCA Defendants contend that Plaintiffs' submission of Manuel Romero's supplemental expert report is untimely for being submitted less than two weeks before the discovery deadline and should be stricken from the record. The Court, having carefully considered the motion, Plaintiffs' response, and the relevant law, and being otherwise fully informed, finds that the CCA Defendants' motion is not well-taken and should be DENIED.

**BACKGROUND**

On September 2, 2009, U.S. Magistrate Judge W. Daniel Schneider entered a Scheduling Order setting the deadline for completion of discovery as September 24, 2010 and the deadline

for submission of Plaintiffs' expert reports "no later than June 28, 2010."  (Doc. 22 at 1-2).

Plaintiffs' expert Manuel Romero disclosed his expert report on June 25, 2010.  On June 28, 2010, the deadline specifically set out for filing expert reports under the Scheduling Order, Plaintiffs filed a notice of Romero's disclosure with the Court, including the attached report.  Two days later, on June 30, 2010, the CCA Defendants issued a subpoena duces tecum for Romero's records, including his report.  Romero complied with the subpoena on July 6, 2010.  Romero's deposition was subsequently scheduled for November 16, 2010.

On July 28, 2010, Judge Schneider entered an Order resetting the discovery deadline for November 30, 2010.  The order did not establish a new deadline for submission of expert reports.

On November 11, 2010, Plaintiffs' attorney Mark Fine informed defense counsel by e-mail that Romero "intends to amend his expert report after he has the opportunity to review the depositions that were conducted this week and, in any case, before the expert deadline."  (Doc. 185 Ex. 1 at 2).  He further offered to move Romero's deposition until a later date "so that you have an opportunity to review his amended report in advance."  *Id.*  Defendants' attorney Debbie Wells responded that it was her "current position that [Romero] cannot amend his report now," and that Romero's deposition should proceed as scheduled.  *Id*. at 1.  Fine replied that Romero "can amend his report . . . until the discovery deadline. . . . The question is whether you guys want to see Mr. Romero's amended report before deposing him."  *Id.*

Romero's expert deposition was taken as previously scheduled, on November 16, 2010.

At his deposition, Romero testified that he had not reviewed, *inter alia*, the depositions of the individual CCA Defendants or New Mexico Corrections Department grievance policies or disciplinary procedures.

On the parties' joint motion, on November 30, 2010, Judge Schneider entered an order again extending the deadline for completion of discovery until January 31, 2011. The order did not give a new deadline for submission or amendment of expert reports.

On January 18, 2011, Plaintiffs disclosed Romero's supplemental expert report.

## DISCUSSION

The questions before the Court are first, whether Plaintiffs' submission of Mr. Romero's supplemental expert report was permitted under the Scheduling Order(s) entered by the Court and the Federal Rules of Civil Procedure, and if not, whether admitting the supplemental report into the record will demonstrably prejudice the CCA Defendants.

It is clear from the record that the deadline for Plaintiffs' expert disclosures was June 28, 2010, and that this deadline was not extended along with the Court's extensions of the discovery deadline. It is undisputed, however, that Plaintiffs complied with the Scheduling Order by disclosing Mr. Romero's initial expert report on the June 28 deadline. The question is whether Romero was entitled to supplement his existing report on January 18, 2011, "less than two weeks" before the amended discovery deadline. (Doc. 174 at 3).

The Court finds that the supplemental report is permitted. The Federal Rules explicitly provide for supplementation of an expert witness' report up until the deadline for pretrial disclosures. "For an expert whose report must be disclosed . . . the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(a)(2). *See also Lobo Well Serv., LLC v. Marion Energy, Inc.*, 2011 U.S. Dist. LEXIS 38767, at *25 (D. Utah,

April 18, 2011) ("an expert has a duty to supplement his reports and may do so until pretrial disclosures are due"). Pre-trial disclosures are defined by the Rules to include "(i) the name and, if not previously provided, the address and telephone number of each witness. . . ."; "(ii) the designation of those witnesses whose testimony the party expects to present by deposition"; and "(iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A).

Having taken the position that Romero could not amend his previously-disclosed report after the deadline for expert disclosures had passed, the CCA Defendants rejected Plaintiffs' offer to defer his deposition until after Defendants had the opportunity to view the supplement. In the interest of fairness, however, the Court will grant the CCA Defendants the opportunity to re-depose Romero within the next 30 days, if they choose to do so. The deposition will be limited to issues and/or opinions raised for the first time in the supplemental expert report.

## CONCLUSION

For the reasons stated above, the Court finds that Mr. Romero's supplemental expert report disclosed on January 18, 2011 is timely disclosed under Fed. R. Civ. P. 26(e)(2). Accordingly, the CCA Defendants' *Motion to Strike Expert Opinions* (Doc. 174) is DENIED.

_____
UNITED STATES DISTRICT JUDGE