UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LISA JARAMILLO, KIM CHAVEZ, and
ANN CHAVEZ**

      **Plaintiffs,**

    v.                                                  No. 09-634 JCH/WDS

**ROGER BUSTAMANTE, ARLENE HICKSON,
ROBERT ULIBARRI, LINDA HERNANDEZ,
LADONNA CECIL, TRACY JONES,
in their individual capacities,
CORRECTIONAL MEDICAL SERVICES, and
CORRECTIONS CORPORATION OF AMERICA,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Motion to Reconsider the Court's Memorandum Opinion and Order on the CCA Defendants' Motion for Summary Judgment* [Doc. No. 257]. As grounds for the motion, Plaintiffs argue that the Court erred in failing to rule on their request to postpone a decision on the CCA Defendants' motion for summary judgment until after Plaintiffs obtained additional discovery—specifically, until after the Plaintiffs deposed two CCA management officials, Richard Seiter and Melody Turner. Plaintiffs made this request on the final page of their response to CCA's motion for summary judgment [Doc. No. 194], and they contend that the Court committed reversible error in failing to address the request in its Memorandum Opinion and Order [Doc. No. 255] entered July 22, 2011, in which it granted summary judgment to Defendants CCA and Robert Ulibarri on Plaintiffs' supervisory liability claims under § 1983.

In the Tenth Circuit, a party seeking to defer a ruling on summary judgment under Rule

56(d)[1] must provide an affidavit "explain[ing] why facts precluding summary judgment cannot be presented." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). In order to obtain more time for discovery, however, Rule 56(d) requires that party to file an affidavit "specif[ying] [the] reasons [why] it cannot present facts essential to justify its opposition," and this duty requires the moving party to identify "(1) the probable facts not [now] available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations omitted).

Here, the affidavit filed by Plaintiffs' counsel fails to meet the criteria set forth in *Valley Forge*. The affidavit, attached as Exhibit Z to Doc. No. 194, contends that in opposing the motion for summary judgment Plaintiffs intend to rely upon depositions of "upper management, corporate employees of Defendants CCA, namely Richard Seiter and Melody Turner/Ron Thompson." After pointing out that there was a pending motion to compel CCA to make those witnesses available, Plaintiffs' counsel states in conclusory fashion:

> I wholeheartedly believe that the depositions of these two members of CCA's upper management, with supervisory authority over the NMWCF at relevant times, would lead to admissible evidence upon which Plaintiffs would rely in supporting their opposition to Defendants' *Motion for Summary Judgment*.

---

[1] Effective December 1, 2010, the provision for obtaining a summary judgment continuance was moved from subdivision (f) to subdivision (d) of Rule 56 without substantial change. It states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

*Id.* (emphasis in original). Counsel failed to explain what probable facts he expected to obtain as a result of the depositions or how that evidence will rebut the CCA Defendants' motion for summary judgment. *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) ("A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.") (quotations omitted). He also failed to explain what other steps he has taken to obtain the evidence he seeks or why he was unable to obtain the evidence from any of the other CCA defendants he deposed in this litigation. In summary, the Plaintiffs have failed to "identify any specific facts which would create a genuine issue of material fact" that they expect to obtain during the depositions they seek. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303,1308 (10th Cir. 2007). Thus, having considered Plaintiffs' Rule 56(d) request, the Court concludes that it is not well taken and therefore will deny the motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Reconsider the Court's Memorandum Opinion and Order on the CCA Defendants' Motion for Summary Judgment* [Doc. No. 257] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**